IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHI AIR MEDICAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-CV-0347 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| TENNESSEE DEPARTMENT OF | ) |
| LABOR AND WORKFORCE | ) |
| DEVELOPMENT, BUREAU OF | ) |
| WORKERS' COMPENSATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is a Motion to Dismiss (Doc. No. 25), filed by the "State Defendants."[1] Plaintiff has filed a Response in opposition to the Motion (Doc. No. 28). As set forth below, the Motion will be GRANTED to the extent that it seeks dismissal of Defendant Burns Phillips but otherwise will be DENIED.

## BACKGROUND

Plaintiff is a private air ambulance provider, licensed and serving patients in Tennessee and other states. Plaintiff provides its services on demand, on a 24/7 basis, without consideration of a patient's ability to pay. Many of Plaintiff's Tennessee transports are for patients who have been injured in the scope of their employment and, therefore, the workers' compensation insurer for the patient's employer is responsible for payment for Plaintiff's services.

---

[1] The "State Defendants" include all Defendants except Brentwood Services Administrators, Inc. Each of the State Defendants is an entity or individual associated with operating and administering Tennessee's workers' compensation system. All individual Defendants are sued in their official capacities.

1

Plaintiff operates pursuant to an air carrier operating certificate issued by the Federal Aviation Administration ("FAA") that authorizes on-demand service in accordance with FAA rules. Tennessee's workers' compensation fee schedule regulations applicable to air ambulance services limit payments for services to the lesser of the submitted charge or 150% of the current Medicare rate. Tenn. Comp. R. & Regs. 0800-02-18-.13 (2018).

Plaintiff asserts that the State Defendants' enforcement of these limiting regulations has caused, and is continuing to cause, it financial harm. Plaintiff also argues that the payment limitations of Tennessee's workers' compensation laws should not apply to Plaintiff because they are preempted by the federal Airline Deregulation Act ("ADA"). Plaintiff specifically alleges that Defendant Brentwood Services Administrators, Inc. ("Brentwood"), in reliance upon these limiting regulations, failed to pay Plaintiff its full charges. Plaintiff contends that it appealed Brentwood's reimbursement amount to the State's Medical Payment Committee, which upheld Brentwood's reimbursement. Plaintiff seeks declaratory and injunctive relief against the State Defendants.

The State Defendants ask the Court to dismiss Plaintiff's claims because Plaintiff lacks standing to bring this action against them. They contend that (1) Plaintiff has not suffered an injury-in-fact; (2) the State Defendants are not the cause of Plaintiff's alleged injury; and (3) the allegations against them are not redressable. Alternatively, the State Defendants urge the Court to decline to exercise jurisdiction under the Declaratory Judgment Act because Tennessee should be afforded the opportunity first to interpret its own state law. Doc. No. 25. Two of the State Defendants, namely the Commissioner of the Tennessee Department of Labor and Workforce Development (Burns Phillips) and the Medical Payments Committee, alternatively seek dismissal on the grounds that they have no legal relationship to PHI's alleged injuries.

## **MOTION TO DISMISS STANDARD**

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018) (citing *Fritz*). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing

plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.,* 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, __ F. Supp. 3d __, 2018 WL 4561248 at * 2 (M.D. Tenn. Sept. 24, 2018).

## **APPLICABLE STATUTES AND REGULATIONS**

<u>TENNESSEE LAW</u>

Tennessee's workers' compensation law provides that every employer and employee subject thereto shall, respectively, pay and accept payment for personal injury by accident arising primarily out of and in the course and scope of employment without regard to fault as a cause of the injury. Tenn. Code Ann. § 50-6-103. The law also provides that the liability of an employer for medical services provided to an employee "shall be limited to the maximum allowable fees that are established in the applicable medical fee schedule adopted pursuant to [these laws]." Tenn. Code Ann. § 50-6-204(a)(3)(A)(iii). Specifically with regard to ambulance services, the fee schedule regulations provide: "Reimbursement shall be based upon the lesser of the submitted charge or 150% of the current Medicare rate. To the extent permitted by federal law, the rates

4

determined in the preceding sentence shall also apply to air ambulance services." Tenn. Comp. R. & Regs. 0800-02-18-.13(4) (2018). Reimbursement in excess of the Medical Fee Schedule Rules may result in civil penalties assessed severally against the provider accepting such fee and the insurer or employer paying the excessive fee. Tenn. Comp. R. & Regs. 0800-02-18-.02(2)(b)(4) (2018). In addition, the provider is prohibited from "balance billing;" that is, billing workers' compensation beneficiaries for the balance due on the account. Tenn. Comp. R. & Regs. 0800-02-17-.10(5)(b) (2018).

FEDERAL LAW

The Airline Deregulation Act provides that a state may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under the ADA. 49 U.S.C. § 41713(b)(1). "Air carrier" is defined in the ADA as "a citizen of the United States undertaking by any means, directly or indirectly, to provide air transportation." 49 U.S.C. § 40102(a)(2). "Air transportation" includes "interstate air transportation," which is defined as "the transportation of passengers or property by aircraft as a common carrier for compensation." 49 U.S.C. § 40102(a)(5) and (25). Thus, the ADA expressly prohibits the enforcement of state laws that affect the price charged by an air carrier.

## STANDING

The State Defendants argue that Plaintiff has no standing to seek declaratory or injunctive relief against them. A core tenet of Article III is that federal courts may adjudicate only actual, ongoing cases or controversies. *Wilson v. Gordon*, 822 F.3d 934, 941 (6th Cir. 2016). To invoke federal jurisdiction, a plaintiff must show a "personal stake" in the outcome of the action. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). This requirement assures that the federal

5

judiciary confines itself to its constitutionally-limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved. *Id.*

To establish the "irreducible constitutional minimum of standing," a plaintiff must satisfy three elements: (1) injury in fact, (2) causation, and (3) redressability. *Kelley v. Shelby Cty. Bd. of Educ.*, 198 F. Supp. 3d 842, 849 (W.D. Tenn. 2016). To have standing to seek declaratory relief, a plaintiff must show that he or she is subject to an actual, present harm or a significant possibility of future harm. *Id.* at 849. The party that invokes federal jurisdiction must establish its standing at every stage of the litigation. *Vonderhaar v. Village of Evendale, Ohio*, 906 F.3d 397, 401 (6th Cir. 2018).

The Supreme Court has held that the "injury-in-fact" element requires an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The causation element requires that the injury be fairly traceable to the challenged action of the defendant and not the result of the independent action of a party not before the court. *Id.* The redressability element requires that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.*; *Mason v. Adams Cty. Recorder*, 901 F.3d 753, 756 (6th Cir. 2018).

<u>INJURY-IN-FACT</u>

Plaintiff claims that, as a result of certain alleged actions of Defendants discussed below, it has been injured by not receiving payment in the full amount of its usual, customary, and reasonable charges. In response, the State Defendants posit that Plaintiff has suffered no injury-in-fact "as it relates to the State Defendants." (Doc. No. 26 at 6). The quoted language betrays the fact that the State Defendants misdirect their argument here. Instead of focusing on whether

Plaintiff has suffered an injury-in-fact, the State Defendants focus on whether Plaintiff has suffered any injury *attributable to the State Defendants*, a thrust relevant to the issue of causation, not injury-in-fact.[2] Thus, much of Plaintiff's argument regarding injury-in-fact fails to help refute the existence of an alleged injury-in-fact.

To the extent they actually address injury-in-fact, the State Defendants claim that Plaintiff will have no such an injury unless and until the Court orders non-payment by Brentwood of additional amounts claimed by PHI, because only then will PHI have an "actual" invasion of a legally protected interest. The State Defendants cite no authority for this proposition, and the Court cannot see why a refusal to pay amounts allegedly owed for services does not constitute an alleged invasion (a violation) of the service-provider's legally protected interest (*i.e.*, the right to receive money earned).

The Complaint alleges that Plaintiff has been, and continues to be, financially injured by losing money due to receiving payments at the reduced rates prescribed by the workers' compensation rules and regulations. Plaintiff alleges that this has happened in the past (albeit without indicating how often) and provides one detailed instance of the reduced rates, the so-called "Brentwood claim" on which it alleges it was short-changed $73,275.27. Such an injury is actual, concrete, and particularized and clearly constitutes an alleged injury-in-fact.

Plaintiff asserts that it challenged the reduced reimbursements by filing Medical Payment Committee appeals, which, in all cases, resulted in the reduced reimbursements being upheld. These alleged injuries are also concrete, particularized, actual and imminent. Plaintiff's alleged

---

[2] The State Defendants claim that "[t]he promulgation and existence of the regulations themselves also do not operate as an injury-in-fact." (Doc. No. 26 at 7). This statement, like certain others, betrays the State Defendants' conflation of the notions of injury-in-fact and causation because actually Plaintiff claims that the regulations' existence *causes*—rather than *constitutes*—an injury-in-fact.

injury is financial harm caused by the State Defendants' continued enforcement of the limiting price regulations.

The State Defendants also argue that the Medical Payment Committee's opinions upholding the regulations, as applied to Plaintiff, were merely advisory and have no legal effect. Yet, the very regulation they cite for this assertion specifically states: "The Committee shall consider the dispute and issue its *decision on the merits* as to the proper resolution of the dispute. Tenn. Comp. R. & Regs. 0800-02-17-.22(1)(c) (2018) (emphasis added). It is true that a disgruntled party may then proceed to a court of law to decide the dispute, Tenn. Comp. R. & Regs. 0800-02-17-.22(1)(d), but that option does not change the Committee's continued enforcement of the regulations. Plaintiff alleges that Brentwood and the Committee both relied upon the regulations in denying Plaintiff's charges, thereby causing Plaintiff harm.

Plaintiff has sufficiently alleged an injury-in-fact. The closer question is whether Plaintiff has adequately alleged causation between that injury-in-fact and the State Defendants' conduct of which Plaintiff complains.

CAUSATION

The State Defendants also claim that, for reasons similar to those set forth in their misdirected arguments regarding injury-in-fact, Plaintiff has not sufficiently alleged that their actions caused its alleged harm. For the reasons stated above, this argument is not persuasive. Plaintiff has asserted that Brentwood relied upon the regulations and the Committee's upholding of those regulations in denying Plaintiff's payment. The fact that Brentwood *could have* made the higher payment is unrealistic, especially given that reimbursement in excess of the Medical Fee Schedule Rules may result in civil penalties. Similarly, the fact that Plaintiff *could have* filed suit

8

against Brentwood in state court[3] does not mean Plaintiff has not sufficiently alleged causation in this action.

As indicated above, Plaintiff has alleged that the enforcement of the subject regulations has limited its payments for services and caused it financial harm. Those allegations are sufficient, under the standards for a motion to dismiss, to allege causation.

REDRESSABILITY

Plaintiff does not seek monetary damages against the State Defendants, but instead challenges the State Defendants' interpretation and application of the regulations limiting the rates for Plaintiff's air-ambulance services. Plaintiff asks the Court to declare the regulations preempted to the extent that they attempt to limit Plaintiff's prices and to enjoin the State Defendants from enforcing those regulations against air ambulance carriers such as Plaintiff. If the Court were to find that the subject regulations are preempted and grant the requested relief, then the State Defendants and Brentwood could not invoke those regulations as grounds for denying Plaintiff its usual and customary charges for its services—thus facilitating (if not guaranteeing) Plaintiff's recovery of its usual and customary charge. If the Court were to rule as Plaintiff desires, then any declaration and/or injunction against the State Defendants likely would at least help to redress Plaintiff's specific alleged injury-in-fact.

CONCLUSION

Plaintiff has sufficiently alleged, for purposes of a motion to dismiss, the elements required for standing. Thus, the State Defendants' Motion to Dismiss will not be granted based on Plaintiff's alleged lack of standing.

---

[3] The regulation does not limit appeals from the Medical Payment Committee to state courts. Tenn. Comp. R. & Regs. 0800-02-17-.22(1)(d).

**DECLARATORY JUDGMENT ACT**

Alternatively, the State Defendants ask the Court, in its discretion, to decline to exercise jurisdiction under the Declaratory Judgment Act. The Declaratory Judgment Act states that in a case of actual controversy within its jurisdiction, a court may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201. The Act allows federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. *Scepter, Inc. v. Metal Bulletin Ltd.* 165 F.Supp.3d 680, 686 (M.D. Tenn. 2016). Under the Declaratory Judgment Act, a court has discretion *not* to hear a declaratory judgment action, even where jurisdiction exists. *Catholic Health Partners v. Carelogistics, LLC*, 973 F.Supp.2d 787, 792 (N.D. Ohio 2013).

The Sixth Circuit has adopted a five-factor test to assess the propriety of the federal court's exercise of discretion in a Declaratory Judgment Act case: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*;" (4) whether the use of the declaratory action would increase the friction between federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004). The Court will consider each factor in turn.

As discussed above, judgment awarding the declaratory and injunctive relief sought by Plaintiff would resolve this dispute and provide a basis for granting Plaintiff's claim against Brentwood. Certainly a decision on the preemption issue would serve a useful purpose of clarifying the legal relations between air ambulance carriers like Plaintiff and those who ae enforcing

10

Tennessee's workers' compensation regulations. There is no allegation or indication that Plaintiff's request for declaratory judgment is being used for procedural fencing or to provide an arena for a race for *res judicata;* among other things, there is no basis to believe that Plaintiff has engaged in forum shopping, given the nature of its claims and the business locations of Defendants.

Whether a declaratory remedy would increase the friction between federal and state courts, or improperly encroach on state jurisdiction, initially appears to be a closer question since it is a state regulation at issue. Upon closer inspection, however, the question is not especially close. Plaintiff asks the Court to declare that a portion of Tennessee's workers' compensation law is preempted by federal law, specifically the ADA. The Supremacy Clause provides that federal law "shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., Art. VI, cl. 2, cited in *Kurns v. Railroad Friction Products Corp.*, 565 U.S. 625, 630 (2012). The Supremacy Cause obviously is part of federal law, and indeed supplies a particular "rule of decision": courts must not give effect to state laws that conflict with federal laws. *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1383 (2015). It is this rule that is the doctrine of preemption. *Close v. Sotheby's, Inc*., No. 16-56234, 2018 WL 6273040, at *3 (9th Cir. Dec. 3, 2018). Congress may expressly preempt state law, and the ADA expressly preempts state law to a certain extent.[4] *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992). In addition, the Supreme Court has found that, even without an express provision for preemption, state law must yield to a congressional act in at least two circumstances. *Kurns v. Railroad Friction Products Corp.*, 565 U.S. 625, 630 (2012). Specifically, State law is naturally preempted to the extent of any conflict with a federal statute. *Id.* In addition, state law is preempted

---

[4] That is not to say that the ADA preempts state law to the extent and in the manner Plaintiff asserts, and whether it does so is an unripe question on which the Court expresses no opinion at this time.

when the scope of a federal statute indicates that Congress intended federal law to occupy a field exclusively. *Id.*

Importantly but not surprisingly, the preemptive effect of a federal statute is a question of federal law. Close, 2018 WL 6273040 at *2. Federal law as determined by federal courts governs questions of federal preemption. *Osceola Blackwood Ivory Gaming Group, LLC v. Picayune Rancheria of Chukchansi Indians*, 272 F. Supp. 3d 1205, 1213 n. 3 (E.D. Cal. 2017); *Board of Trustees of the Cement Masons & Plasterers Health and Welfare Trust v. GBC Northwest, LLC*, No. C06-1715C, 2007 WL 1521220 at * 2 (W.D. Wash. May 22, 2007) (federal law as determined by federal courts, not state courts, governs questions of [ERISA] preemption).

The relevant ambulance-services regulation states that the rates set forth therein apply to air ambulance services *to the extent permitted by federal law*. Tenn. Comp. R. & Regs. 0800-02-18-.13(4) (2018). The regulation thus entails, in pertinent part, that the rates it sets apply *to the extent permitted by the Supremacy Clause—i.e.*, to the extent not preempted by federal law. (including the ADA). The application of the state regulations themselves expressly turns, at least in part, on the interpretation of federal law, including the interpretation of the ADA's express preemption provisions. This is a task for a federal court. In other words, the regulation itself objectively suggests that it would be subject to a preemption analysis by a federal court. For this reason, the Court does not believe that it would infringe on state court prerogatives by deciding whether the regulations are preempted based on this Court's interpretation of federal law; *i.e.*, the scope of the preemptive effect of the ADA. Accordingly, the Court finds that by undertaking itself to determine whether the specific regulations are preempted as to Plaintiff, this Court would foster the interpretation and application of the relevant state regulations as objectively intended by the state promulgators, rather than increase friction between itself and state courts.

As for the fifth and final factor, the alternative remedy suggested by the State Defendants is for Plaintiff to bring an action in state court, seeking a ruling on the applicability of the regulations to Plaintiff.[5] As just discussed, however, the applicability of the state regulations turns on federal law, in particular the preemptive effect of the ADA, and thus is ideally suited for a federal court rather than a state court. As an opinion from the United States District Court for the Western District of Washington put it, it is "incredibl[e]" that a party would suggest that a federal court look to a state court for guidance on a preemption issue. *Id.* Whether or not they fully realize it, that is what the State Defendants effectively have done here.

Plaintiff has sufficiently alleged, for purposes of a motion to dismiss, a declaratory judgment claim, and the Court, in its discretion after consideration of the applicable factors, will not decline to exercise jurisdiction over that claim.

## **INDIVIDUAL DEFENDANTS**

Finally, the State Defendants argue that the individual defendants having no legal relationship to Plaintiff's alleged injuries must be dismissed. They contend that Commissioner Phillips, who is Commissioner of the Tennessee Department of Labor and Workforce Development, has no connection to or authority over the creation, promulgation or enforcement of the rules of the workers' compensation laws. The Court need not resolve these contentions. The Complaint makes no specific allegations against Commissioner Phillips and certainly alleges no

---

[5] Moreover, it makes little sense that a claim that turns on a question of federal law - whether the ADA has preemptive effect here – should be brought in state court. The State Defendants argue that a state should decide what state regulations mean. In general, that makes sense; generally, a jurisdiction's courts naturally are best-suited to interpret that jurisdiction's statutes or regulations. Here, however, the applicability of the state regulation expressly turns entirely on the interpretation of *federal* law. By the State Defendants' own reasoning, that interpretation should be done by a federal court.

13

factual matter regarding him.[6] Commissioner Phillips will be dismissed, without prejudice, from this action.

With regard to the Medical Payment Committee members, a suit against a state official in his or her official capacity is not a suit against the official; rather, it is a suit against the official's office and, as such, is no different from a suit against the state itself. *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003). The Eleventh Amendment expressly prohibits a federal court from entertaining a suit brought by a citizen of one state against another state. U.S. Const. amend XI. While the Eleventh Amendment typically bars a plaintiff from bringing suit against a state or its officials, "official capacity" actions for prospective, injunctive relief are not treated as actions against the state. *Miller v. Davis*, 123 F. Supp. 3d 924, 933 (E.D. Ky. 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985)). Accordingly, Plaintiff's claims for injunctive relief against the individual officials in their "official capacities" will not be considered an action against the state.

The Supreme Court found an exception to Eleventh Amendment sovereign immunity in *Ex Parte Young*[7] for claims for injunctive relief against individual state officials in their official capacities. *Diaz v. Michigan Dep't of Corrections*, 703 F.3d 956, 964 (6th Cir. 2013). In order to fall within the *Ex Parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law. *Id.* Thus, the Eleventh Amendment does not bar Plaintiff's claims for prospective, injunctive relief against the individual Defendants in their official capacities.[8] Plaintiff

---

[6] Regarding Phillips, the Complaint refers, oddly, to "Director Burns Phillips" and alleges only, in conclusory fashion, that the applicable regulations are carried out "under [his] direction."

[7] *Ex Parte Young*, 209 U.S. 123 (1908).

[8] Notably, an individual can be sued in his or her official capacity as merely one member of a state board or commission. *See Verizon Maryland Inc. v. Public Service Comm'n of Md.*, 535 U.S. 635, 645-46 (2002); *Mountain Cable Co. v. Public Serv. Bd. of State of Vt.*, 242 F. Supp. 2d 400, 404

does not seek damages against the Medical Payment Committee members. It seeks declaratory and prospective injunctive relief. Plaintiff's claims against these state officials in their official capacities, therefore, are not barred.

The State Defendants assert that the members of the Medical Payment Committee, named solely in their official capacities, have no enforcement authority, so an injunction against them preventing enforcement would be futile. Yet they admit that members of the Medical Payment Committee hear disputes pertaining to medical bill payments between providers and insurers in workers' compensation cases and issue opinions as to the actions the parties should take. Doc. No. 26 at 12. Indeed, the regulation states: "The Committee shall consider the dispute and issue its *decision on the merits* as to the proper resolution of the dispute. Tenn. Comp. R. & Regs. 0800-02-17-.22(1)(c) (2018) (emphasis added). In other words, these committee members are making decisions concerning the applicability of the regulations.[9] The injunctive relief Plaintiff seeks would enjoin the Medical Payment Committee, in the future, from issuing decisions applying the subject regulation to Plaintiff.

Therefore, Plaintiff's claims against the Medical Payment Committee members are sufficient to state a claim for declaratory and prospective injunctive relief.

## **CONCLUSION**

Plaintiff has sufficiently alleged, for purposes of a motion to dismiss, that the subject regulations are preempted and should not be enforced by the State Defendants against Plaintiff.

---

(D. Vt. 2003). This appears to be true even if such individual does not have the power to act alone, and it is actually only the board or commission as a whole that has the power to act.

[9] As indicated above, the fact that the parties can challenge those decisions in a court does not change the reality that these state officials make decisions based on their interpretation of the regulations and that those decisions—even if they are in some sense non-binding or tentative—impact the parties to which those decisions relate.

The Complaint contains sufficient factual matter, accepted as true, to state a claim for declaratory and injunctive relief against the State Defendants that is plausible on its face. These allegations are sufficient, under *Iqbal* and *Twombly*, to survive this Motion to Dismiss. For these and the other reasons stated above, the State Defendants' Motion will be denied, except as to Plaintiff's claims against Defendant Phillips, which will be dismissed without prejudice.

An appropriate Order will be entered.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE